PHILIP D. DAPEER (State Bar No. 53378)
PHILIP D. DAPEER
A Law Corporation
2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749
Telephone: (323) 954-9144
Facsimile: (323) 954-0457

Attorney for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>TBA PROPERTY MANAGEMENT, L.P.,<br><br>   Debtor-In-Possession. | Case No.: 9:11-bk-11720 RR<br><br>[Chapter 11]<br><br>**APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER** |

The application of debtor TBA Property Management, L.P. respectfully represents:

1.    Applicant is the debtor in the pending Chapter 11 reorganization case. Applicant commenced this case by the filing of its voluntary Chapter 11 petition on April 13, 2011.

2.    Applicant remains in possession of its assets and continues to operate its business as a debtor-in-possession.

3.    Debtor-in-possession wishes to employ Philip D. Dapeer, a law corporation, Philip D. Dapeer, an attorney duly admitted to practice law in this court, as counsel to the debtor-in-possession on a general retainer.

1

4.     Applicant has selected Philip D. Dapeer for the reason that he has had experience in matters of this kind and believes that Philip D. Dapeer is well qualified to represent it as debtor-in-possession in this bankruptcy case.

5.     The professional services that attorney Philip D. Dapeer will render include:

(a)     To give debtor-in-possession legal advice with respect to its powers and duties as debtor-in-possession in the continued operation of its business and management of its assets as described in the petition and schedules on file in this case;

(b)     To prepare on behalf of debtor-in-possession all necessary applications, answers, orders, reports and other legal papers;

(c)     To perform all other legal services for debtor-in-possession that may be necessary in connection with the due prosecution of this case;

(d)     To take all necessary action to avoid any liens against the debtor-in-possession and/or recover any preferential payments made by debtor-in-possession prior to the filing of its voluntary petition in this case;

(e)     To represent debtor-in-possession in connection with the formulation of a disclosure statement and plan of reorganization, and to advise debtor-in-possession with respect to the formulation of a plan of reorganization and the related disclosure statement;

2

1    (f) To represent debtor-in-possession with respect to objection to

2 claim proceedings; and

3

4    (g) To represent debtor-in-possession with respect to any proposed

5 sale of estate assets in order to obtain funds necessary to pay plan debt, as may be

6 provided for in the plan of reorganization to be filed by debtor-in-possession in this

7 case.

8

9  6. It is necessary for debtor-in-possession to employ an attorney in order to

10 accomplish the tasks described in this application.

11

12  7. To the best of debtor-in-possession's knowledge, proposed attorney

13 Philip D. Dapeer has no connection with any of the creditors in this case, or any other

14 party in interest, or their respective attorneys, the Office of the United States Trustee,

15 or any employee thereof, all as more fully set forth in the accompanying Declaration

16 of Philip D. Dapeer. The proposed attorney has never previously represented debtor

17 in any matter.

18

19  8. The terms of employment of the law firm of Philip D. Dapeer, a law

20 corporation, agreed to by debtor-in-possession, subject to the approval of this court, is

21 that Philip D. Dapeer will undertake the representation of its interests in this case at

22 his standard hourly rate of $350.00 per hour. The individual presently designated to

23 represent the debtor-in-possession at that hourly rate is Philip D. Dapeer. As far as

24 debtor-in-possession is aware, there is no other attorney associated with attorney

25 Dapeer in the practice of law or any other attorney who is a member of his law firm as

26 a California professional law corporation. Mr. Dapeer has not informed debtor that he

27 will be sharing his compensation with any other person or entity.

28

APPLICATION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER

1        9.    Philip D. Dapeer represents no interest adverse to the debtor, debtor-in-

2  possession, or the estate in the matters upon which he is to be engaged, and his

3  employment would be in the best interests of the estate.

4

5       **WHEREFORE**, debtor prays that its employment of Philip D. Dapeer and his

6  professional law corporation on the terms specified herein to represent debtor-in-

7  possession in this case under Chapter 11 of the Bankruptcy Code be approved by this

8  court, and that debtor-in-possession has such other and further relief as is just and

9  appropriate under the circumstances.

10

11      Dated:  April 22, 2011.

12

13

14      TBA PROPERTY MANAGEMENT, L.P.
By Thomas Chu, President of TBA Property Management,
15      Inc., the General Partner of the Debtor

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER

# DECLARATION OF PHILIP D. DAPEER

I, Philip D. Dapeer, declare:

1.    I am an attorney duly admitted to practice law in the State of California and before this court. I am the principal in the law firm Philip D. Dapeer, a law corporation, attorney for debtor TBA Property Management, L.P. I seek permission to be employed by debtor as the attorney for the debtor on a general retainer in this case.

2.    I have personal knowledge of the facts set forth in this declaration and if called and sworn as a witness could and would competently testify thereto.

3.    I give this declaration in support of the debtor's application for my employment in this case as an attorney on general retainer.

4.    I am the sole shareholder of the law firm Philip D. Dapeer, a law corporation. My law firm is a California professional corporation duly registered with the State Bar of California.

5.    There are no other members, shareholders or associates in my professional corporation. I generally employ legal secretaries, a bookkeeper and legal assistants or paralegals with respect to the preparation of my work product, but not other attorneys.

6.    I am experienced in matters of bankruptcy, insolvency, corporate reorganization and debtor/creditor law, and in the representation of debtors and creditors in cases under the Bankruptcy Code and I believe that I am well qualified to represent debtor-in-possession in this case. The records of this court will disclose the

5

1   numerous cases in which declarant has represented and continues to represent the

2   debtor-in-possession in Chapter 11 reorganization proceedings, both individual and

3   corporate.  In 2009, 2010 and 2011, declarant's employment as counsel to a Chapter

4   11 debtor on general retainer was approved in the case of *In re Stacie Hunt-Pando*,

5   United States Bankruptcy Court, Central District of California, case number 09-

6   10584-EC; *In re Marilyn J. Fox*, United States Bankruptcy Court, Central District of

7   California, case number 09-14361-ES; *In re Taylor Angelos*, United States

8   Bankruptcy Court, Central District of California, case number 1:09-bk-27618-MT; *In*

9   *re Joseph M. Mancuso and Joelle Marie Mancuso*, United States Bankruptcy Court,

10  Central District of California, case number 1:10-bk-11893-MT; *In re Klentner-*

11  *Marquez Construction, Inc.*, United States Bankruptcy Court, Central District of

12  California, case number 2:10-bk-20627-VZ; *In re Alla Chernyavsky*, United States

13  Bankruptcy Court, Central District of California, case number 1:10-bk-15975-MT; *In*

14  *re Candayln Marie Laufer*, United States Bankruptcy Court, Central District of

15  California, case number 1:10-bk-15847-GM; *In re Joseph Hernandez,* United States

16  Bankruptcy Court, Central District of California, case number 2:10-bk-29383-BB; *In*

17  *re Ricardo Lopez Ortega,* United States Bankruptcy Court, Central District of

18  California, case number 9:10-bk-12424-RR; *In re Tommy Salehi*, United States

19  Bankruptcy Court, Central District of California, case number 1:10-bk-19669-GM; *In*

20  *re Philis Groomes-Love*, United States Bankruptcy Court, Central District of

21  California, case number 2:10-bk-40803-BB; *In re GGS and Associates, LLC*, United

22  States Bankruptcy Court, Central District of California, case number 2:10-bk-42373-

23  PC; *In re Bob Ray Rivera and Debra Diane Rivera*, United States Bankruptcy Court,

24  Central District of California, case number 6:10-bk-45080-DS; *In re Delujo Spanish*

25  *Village APS LLC*, United States Bankruptcy Court, Northern District of Texas, case

26  number 10-46831-RFN-11; *In re Michelle Fuller*, United States Bankruptcy Court,

27  Central District of California, case number 1:11-bk-11357-VK; *In re Real Estate*

28  *Short Sales, Inc.*, United States Bankruptcy Court, Central District of California, case

number 1:08-bk-13229-GM; and *In re Cavender Manor*, United States Bankruptcy Court, Central District of California, case number 1:11-bk-11237-VK. Those Chapter 11 cases are essentially real estate reorganizations, similar to this Chapter 11 case. Declarant has confirmed plans of reorganization in the *Hunt* , *Mancuso* and *Real Estate Short Sales, Inc.* matters and plan confirmation hearings are pending in the *Salehi, Laufer* and *Chernyavsky* cases. The remaining cases are at various stages of prosecution, including motions for approval of disclosure statement.

7.    Declarant was admitted to practice law in California in 1972. Declarant graduated from the Law School of the University of California at Los Angeles in 1972. For approximately two years after graduation from law school, declarant worked as an attorney in the in-house legal department of Bank of America where declarant represented Bank of America in complex real estate and corporate bankruptcy cases in which the bank was a significant secured and/or unsecured creditor. After leaving the legal department of Bank of America, declarant went into private practice specializing in litigation matters, including bankruptcy litigation involving both debtors and creditors. Declarant has represented debtors and creditors in numerous Chapter 11 reorganization cases involving both real estate and non-real estate business assets. Declarant has represented both individuals and corporations in Chapter 11 reorganization cases.

8.    Prior to the commencement of this case, declarant received a pre-petition fee on account of legal services to be rendered to the debtor, as duly set forth in the debtor's schedules and statement of affairs. Declarant and declarant's firm propose to charge debtor on an hourly fee basis at the rate of $350.00 per hour for legal services performed, plus costs and disbursements incurred in connection with such representation. Declarant's regular business practice is to charge for costs and

APPLICATION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER

1  disbursements at declarant's actual out-of-pocket expense without any increase or

2  surcharge.

4    9.    Declarant and declarant's law firm have not shared or agreed to share

5  compensation received from the debtor or debtor-in-possession with any other person

6  or entity.

8    10.    Prior to filing this declaration, declarant undertook an investigation of

9  disinterestedness which consisted of a review of declarant's computer records

10  regarding all matters in which declarant has acted as counsel in connection with

11  bankruptcy, litigation and non litigation matters. Declarant's computer records

12  disclose the identities of declarant's clients as well as all other parties involved in the

13  matter for which declarant has provided representation on behalf of the client.

14  Following is a complete description of all of the professional's connection with the

15  debtor, principals of the debtors, insiders, the debtor's creditors, any other party or

16  parties in interest and their respective attorneys and accountants, or any person

17  employed in the office of the United States Trustee: As a result of declarant's

18  investigation of disinterestedness, declarant states that he has never had any such prior

19  connection with any such persons or entities.

21    11.    Declarant, as the proposed professional, is not a creditor, an equity

22  security holder or an insider of the debtor.

24    12.    Declarant, as the proposed professional, is not and was not an investment

25  banker for any outstanding security of the debtor.

27    13.    Declarant, as the proposed professional, has not been, within three years

28  before the date of the filing of the petition herein, an investment banker for a security

8

1 | of the debtor, or an attorney for such investment banker, in connection with the offer,

2 | sale or issuance or any security of the debtor.

3

4 | 14.    Declarant, as the proposed professional, is not and was not, within two

5 | years before the date of the filing of the petition herein, a director, officer or employee

6 | of the debtor or of any investment banker for any security of the debtor.

7

8 | 15.    Declarant, as the proposed professional, neither holds nor represents any

9 | interest materially adverse to the interests of the estate or of any class of creditors or

10 | equity security holders, by reason of any direct or indirect relationship to, connection

11 | with, or interest in, the debtor or an investment banker for any security of the debtor,

12 | or for any other reason.

13

14 | 16.    Declarant, as the proposed professional, is not a relative or employee of

15 | the United States Trustee or a bankruptcy judge.

16

17 | 17.    Declarant is familiar the Bankruptcy Code, the Federal Rules of

18 | Bankruptcy Procedure, the Local Bankruptcy Rules of this court and the requirements

19 | of the Office of the United States Trustee for this district, and declarant shall comply

20 | therewith.

21

22 | 18.    Declarant understands that any fees to be paid by the debtor-in-

23 | possession to applicant must be approved by this court on motion and notice, and

24 | otherwise in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy

25 | Procedure, the Local Bankruptcy Rules of this court and the Guidelines of the Office

26 | of The United States Trustee.

27

28

APPLICATION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER

19.     Attached hereto, marked Exhibit "A" and incorporated herein by this reference, is a true copy of the signed employment agreement between debtor and proposed counsel.

20.     The source payment to the professional of the advance fee was the personal account of the debtor.

21.     Declarant received an advance fee payment from debtor as set forth in the debtor's petition and schedules in this case. Applicant seeks to use the "professional fee statement" procedure described in the U.S. Trustee's Guides. Applicant seeks to be able to draw upon the advance fee more frequently than every 120 days. Applicant practices law as a sole practitioner. Applicant charges what applicant believes to be a below market rate as applicant's hourly fee charged for bankruptcy representation with the expectation that fees will be earned and payable on a monthly basis to coincide with the payment of applicant's overhead expenses attributable to the cost of operating applicant's law firm. Applicant cannot financially afford to carry any significant balance of unpaid attorney's fees and costs, and for that reason, seeks relief by this application to draw upon the fund more frequently than every 120 days and to use the "professional fee statement" procedure described in the U.S. Trustee's Guides. To put it more directly, applicant does not charge on an hourly fee basis that creates any kind of cushion for bad debt attributable to clients who do not pay their billing on a current monthly basis.

22.     Applicant has not received and will not receive any lien or other interest in property of the debtor or of a third-party to secure payment of the professional's fees.

10

1      23.    With respect to in-house photocopying charges, applicant's regular

2  charge is at $0.20 per page which applicant has calculated to be the cost of the various

3  components of a photocopy charge.  Applicant has never charged for transmitting

4  facsimiles and does not regularly charge for the receipt of facsimile copies.

5

6      Executed at Westlake Village, California this 21st day of April, 2011.

7

8      I declare under penalty of perjury under the laws of the United States of

9  America that the foregoing is true and correct.

10

11                           _____

12                  PHILIP D. DAPEER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER

**P D¬
L D̲ D**

**PHILIP D. DAPEER**
A Law Corporation
*Established 1972*

Beverly Hills
Westlake Village

2625 Townsgate Road, Suite 330
Westlake Village, California 91361-5749

Telephone: (323) 954-9144
Facsimile: (323) 954-0457

May 6, 2011

Thomas Chu
TBA Property Management, LP
TBA Property Management, Inc.,
    Its general partner
11288 Presilla Road
Santa Rosa, CA 93012

Re:    <u>Chapter 11 Petition</u>

Dear Mr. Chu:

Thank you for retaining me to represent TBA Property Management LP in connection with the filing of a petition for relief under Chapter 11 of the Bankruptcy Code.

**Engagement:**

My goal is to provide you with the highest quality legal services in a cost-effective manner to help it reach its objectives. My policy, as well as provisions of the California Business & Professions Code, requires that I have a written agreement with my clients setting forth the arrangements upon which I perform legal services. This letter will confirm the terms under which you have retained me.

Unless otherwise agreed in writing, the terms of engagement confirmed in this letter will also apply to any additional matters I handle on your behalf or at your direction. If, in some matters, my work involves entities owned or controlled by you, both you and your entities will be jointly and severally responsible for payment of my bills.

**Roles of Attorney and Client:**

My responsibility under this agreement is to provide legal counsel and assistance to you in accordance with this letter agreement, and to provide statements to you that clearly state the basis for my fees and charges.

During the course of this engagement, I may express opinions or beliefs to you

Retainer Agreement
May 6, 2011
Page 2

about the effectiveness of various courses of action or about the results that might be anticipated. Such statements are expressions of opinion only, and should not be construed as promises or guarantees.

I will not and do not express any opinions regarding the tax implications of various courses of action or about the results that might be anticipated. You will need to consult with an independent tax advisor with respect to the tax impact of my representation.

In the course of our relationship, I ask that you be clear and complete in your communications with me and cooperate with me to enable me to provide you with the legal services you seek. I want you to keep me informed of developments related to this representation.

You have the right to terminate my services at any time without limitation. I may withdraw with or without your consent upon application to the bankruptcy court if I determine in my sole discretion that I need to do so. You agree, upon termination or withdrawal, to sign substitution-of-attorney forms or other documents that may be necessary to confirm the conclusion of our relationship, and you agree to pay my fees and charges incurred on your behalf to the date of termination or withdrawal.

At the end of the matter, or at any earlier time as the attorney-client relationship is terminated for any reason, you shall be entitled, at your request, to my file relating to the matter. In such event, I shall have the right to make and retain a copy of the file, at your expense.

**Billings and Fees**:

I generally will bill you for my services at least once a month, and you agree to pay my statements within seven (7) days of submission. In the event that any payment is not made when due, my firm shall have the option, in addition to all other remedies available to it, to assess interest on the unpaid balance at the rate of one percent (1%) per month, but not to exceed the maximum allowed by law. I believe that my billing procedures are simple and clear. However, I encourage you to ask any questions you may have regarding my statements as soon as you receive them. Though I will be sending you billing statements for your information, the statements are not payable by the debtor unless and until approved by the bankruptcy court. The obligation to pay fees and costs is a joint and several obligation of the persons and entities identified above, if more than one person or entity is so listed.

Retainer Agreement
May 6, 2011
Page 3

You understand that it is impossible to determine in advance the amount of fees or costs needed to complete this matter. My fees are computed on an hourly basis. Billings will be reflected in tenth-of-an-hour [six-minute] segments. I will be responsible for representing you and my current rate is $350.00 per hour. My hourly rate is subject to change, and the applicable rate will be that in effect at the time the services are performed. I review my rate annually and changes, if any, normally become effective on January 1 of each year. I will provide you with information regarding my current hourly rate at your request at any time. Again, my fees payable by the debtor are all subject to approval of the bankruptcy court.

In addition to fees for services, I generally will bill you at least once a month for costs and expenses incurred on your behalf for certain administrative services. Expenses such as court filing fees; filing fees of other government agencies; third-party and computerized searches [other than most computerized legal research]; messenger fees; process-server fees; fees and expenses of accountants or experts retained on your behalf; charges for transcripts, depositions, long-distance telephone, reproduction of documents when performed by an outside service; and parking and travel expenses – each will be billed at the actual costs incurred by me. I will normally ask that any such item in excess of $100.00 be paid directly. Expenses for photocopies made in my office will be charged at my standard rate in effect at the time the expense is incurred. Currently, my firm charges $0.20 per page for photocopies. It does not charge for most computerized legal research or for word-processing services. As in the case of attorney's fees, costs and disbursements are not payable by the debtor unless and until they are approved by the bankruptcy court.

In certain circumstances, a court may order payment of costs or attorney's fees by one party to the other. If any such fees or costs are paid to me, they will be credited against the amount you owe me, but you will remain liable for any unpaid portion of my bills. If the court awards fees or costs against you in favor of the opposing party, you will be responsible for payment of that amount separately from and in addition to any amounts due me. In this or any future matters in which I represent you, it is agreed that my firm shall have a lien upon any judgment, settlement or other payment in your favor for any unpaid fees or costs due under this agreement as and to the extent such is otherwise permitted by law and subject to approval of the bankruptcy court.

**Retainer**:

You agree to pay me an initial retainer in the amount of $21,039.00. This retainer is not an estimate of the total fees, costs and other charges that might accrue with respect

Retainer Agreement
May 6, 2011
Page 4

to my firm's representation of your interest, but rather an advance for security for the payment of fees and costs. Each month we will deduct from your retainer the fees and costs for services performed in the previous month. You agree that once the retainer has been used up, you will pay the amount set forth in my statements to you. Depending on the nature and extent of the services that will be required from me, I may require an additional retainer based on probable fees and expenses to be incurred and/or I may require the retainer to be replenished on a monthly or other periodic basis so that at no time will it fall below a given amount.

In the event that this matter is set for trial, I reserve the right to request that you pay an additional retainer in an amount equal to the probable fees, costs and expenses to be incurred in preparation for and during trial. I may inform you of my estimate as long as several months before trial. You have agreed to deposit that estimated amount into my firm's bank account within 7 days of your receipt of that estimate, subject to prior approval of the bankruptcy court for any increase in the retainer to be paid by the debtor.

Any unused portion of the retainer will be returned to you promptly upon completion of my services as may be ordered by the bankruptcy court.

**Conflicts of Interest**:

I cannot, and will not, without appropriate consents, represent any party if there is a conflict of interest with any of my other clients. In order to avoid conflicts of interest among my clients, I maintain an index of relevant names. In connection with this matter, I have searched for the following names: Thomas Chu, TBA Property Management, L.P. Please advise me, when you return the signed copy of this letter, if you know of any other individuals or entities that may be involved in this matter. In addition, please inform me at once if you learn in the future of other persons or entities that may be involved, so that I may make a conflict-of-interest search with respect to them.

**Responding to Subpoenas and Other Requests for Information**:

If I am required to respond to a subpoena of my records relating to services I have performed for you, or to testify by deposition or otherwise concerning such services, I will first consult with you as to whether you wish to supply the information demanded or assert your attorney-client privilege to the extent you may properly do so. You agree to reimburse me for my time and expenses incurred in responding to any such demand,

Retainer Agreement
May 6, 2011
Page 5

including, but not limited to, time and expenses incurred in search and photocopying costs, reviewing documents, appearing at depositions or hearings, and otherwise litigating issues raised by the request.

### **Arbitration**:

I appreciate the opportunity to serve as your attorney and look forward to a harmonious relationship unmarred by disputes between us. In the event you become dissatisfied for any reason with the fees charged or the services I have performed, I encourage you to bring that to my attention immediately. It is my belief that most such problems can be resolved by good-faith discussion between the parties. Nevertheless, it is always possible that some dispute may arise that cannot be resolved by discussion between us. I believe that such disputes can be resolved more expeditiously and with less expense to all concerned by binding arbitration than by court action.

Arbitration is a process by which both parties to a dispute agree to submit the matter to a judge or arbitrator who has expertise in the area and to abide by the arbitrator's decision. In arbitration, there is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Rules of evidence and procedure are often less formal and rigid than in a court trial. Arbitration often results in a decision more quickly than proceedings in court, and the attorney's fees and other costs incurred by both sides are often substantially less.

By signing this letter, you agree that, in the event of any dispute arising out of or relating to this agreement, my relationship, or the services performed (including, but not limited to, disputes regarding attorney's fees or costs and those alleging negligence, breach of fiduciary duty, fraud or any claim based upon a statute), such dispute shall be resolved by submission to binding arbitration in Los Angeles County, California, before a California retired judge or appellate justice. If we are unable to agree on a California retired judge or appellate justice, each party will name one California retired judge or appellate justice and the two named persons will select a neutral California retired judge or appellate justice who will act as the sole arbitrator.

In any such arbitration, the parties shall be entitled to take discovery in accordance with the provisions of the California Code of Civil Procedure, but either party may request that the arbitrator limit the amount or scope of such discovery, and in determining whether to do so, the arbitrator shall balance the need for the discovery against the parties' mutual desire to resolve disputes expeditiously and inexpensively.

Retainer Agreement
May 6, 2011
Page 6

**Confirmation of Agreement**:

Please confirm your agreement to the terms of this engagement letter by signing this letter and returning it to me by facsimile, e-mail, an attachment to an email, or by any other means. I acknowledge receipt of the retainer as of this date. You should not sign this engagement letter until you have read, understood, and voluntarily agreed to each and every term of this letter. If necessary, you should use an interpreter, since the terms of this agreement have been negotiated solely in English. There is no charge to discuss with me any questions you may have about this letter. Additionally, you may have another attorney review this letter. Your signature on this letter acknowledges that you have read, understood, and knowingly and voluntarily agreed to all of the terms of this letter, and that you have received a copy of this letter.

This engagement letter may be signed in any number of counterparts, and each such counterpart shall be deemed to be an original document, but all such counterparts together shall constitute a single agreement. A signature delivered via facsimile, e-mail or as an attachment to an e-mail shall be equally as effective as an original signature delivered in person, via mail, or via any other means.

I will endeavor to represent you promptly and efficiently, and I hope for a long and mutually satisfactory relationship.

NOTWITSTANDING ANYTHING HEREIN CONTAINED TO THE CONTRARY, THE PAYMENT OF FEES AND COSTS TO MY FIRM WILL BE GOVERNED BY MY APPLICATION FOR EMPLOYMENT, THE ORDER OF THE BANKRUPTCY COURT ON THAT APPLICATION, THE UNITED STATES BANKRUPTYC CODE, THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL RULES OF THE COURT AND THE GUIDELINES OF THE UNITED STATES TRUSTEE FOR THE CENTRAL DISTRICT OF CALIFORNIA.

Very truly yours,


Philip D. Dapeer

PDD/nh

**APPROVED, ACCEPTED AND AGREED TO**

Retainer Agreement
May 6, 2011
Page 7

this 6th day of April, 2011.

_____
Thomas Chu, Individually


[signatures cont'd]

**APPROVED, ACCEPTED AND AGREED TO**

this 6th day of April, 2011.

**TBA PROPERTY MANAGEMENT, L.P.**

By: _____
                 Thomas Chu
President of the General Partner
Of the Debtor, TBA Property Management, Inc.

| In re: TBA PROPERTY MANAGEMENT, L.P., | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER  9:11-bk-11720-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361-5749

A true and correct copy of the foregoing document described **APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEY ON GENERAL RETAINER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ~~April~~ 5/16, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Philip D Dapeer    PhilipDapeer@AOL.com
Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April ___, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

1    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
2    correct.

3    Date: ~~April~~ 5/15, 2011           Philip D. Dapeer          **/s/  Philip D. Dapeer**
                                                                    Signature
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**In re TBA Property Management, LP**
United States Bankruptcy Court, Central District of California (ND)
Case No.: 9:11-bk-11720-RR

SERVICE LIST

United States Trustee (ND)
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367-5075

Asset Foreclosure Services, Inc.
5900 Canoga Avenue, Ste 220
Woodland Hills, CA 91367

Commonwealth Land Title Ins. Co.
c/o Wu & Cheung, LLP
98 Discovery
Irvine, CA 92618

Fidelity National Title Company
c/o Wu & Cheung, LLP
98 Discovery
Irvine, CA 92618

IndyMac Federal Bank
6900 Beatrice Drive
Kalamazoo, MI 49009

IndyMac Mortgage Services
2900 Esperanza Crossing
Austin, TX 78758

One West Bank FSB
2900 Esperanza Crossing
Austin, TX 78758

One West Bank FSB
6900 Beatrice Drive
Kalamazoo, MI 49009

Pacific Premier Bank
1600 Sunflower Ave., 2nd Floor
Costa Mesa, CA 92626

Patricia Green
1707 Coachman Drive
Camarillo, CA 93012

TBA Property Management, Inc.
11288 Presilla Road
Santa Rosa, CA 93012